IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-00037-CMA-KLM

GRETCHEN HAPTONSTALL,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR VACATUR**
_____

    This matter is before the Court on Plaintiff's Unopposed Motion for Vacatur (Doc. # 111), wherein Plaintiff Gretchen Haptonstall moves the Court to vacate its February 4, 2021 Order Granting Defendant's Motion for Summary Judgment. For the following reasons, the Motion is granted.

### I.     ANALYSIS

    On February 4, 2021, this Court granted Defendant American Family Mutual Insurance Company's Motion for Summary Judgment, thereby entering summary judgment in favor of Defendant and against Plaintiff on all claims. On March 4, 2021, Plaintiff appealed the Court's summary judgment order. The Tenth Circuit then referred the parties to mediation, where they reached a settlement agreement that is contingent upon this Court vacating its February 4, 2021 Order, pursuant to Fed. R. Civ. P. 60(b). The Tenth Circuit granted a limited remand for this Court's consideration of the instant

Motion. Plaintiff, with Defendant's consent, now moves the Court to vacate its February 4, 2021 Order and dismiss this case with prejudice so that the parties may effectuate their settlement.

Whether an opinion should be vacated on the basis of mootness is an equitable question. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 610 F.3d 1096, 1129 (10th Cir. 2010). The United States Supreme Court recognized that vacatur may be granted when a case is mooted through settlement. *U.S. Bancorp. Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994). When a case is rendered moot through settlement, whether to vacate a prior ruling is left to the court's discretion. *Oklahoma Radio Assoc. v. F.D.I.C.*, 3 F.3d 1436, 1439 (10th Cir. 1993). In considering whether to vacate a prior ruling due to settlement, "the Court balances the various public and private interests at stake, including the effect on judicial precedent, the preclusive effect of the Court's opinion, and the impact on judicial resources." *Lundsten v. Create Comm. Living Servs., Inc.*, 2016 WL 111431, *1 (E.D. Wis. Jan. 11, 2016); *see Mayes v. Hammond*, 631 F.Supp.2d 1082, 1088 (N.D. Ind. 2008) (explaining the court should consider "the public interest in precedent, preclusion, and judicial economy and the circumstances, hardships, and interests of the private parties").

Upon consideration of the Motion, case file, applicable law, and the various public and private interests at stake, the Court finds that the balance of equitable factors favors vacatur of the February 4, 2021 Order. Accordingly, it is

ORDERED that Plaintiff's Unopposed Motion for Vacatur (Doc. # 111) is GRANTED, and the Court's February 4, 2021 Order Granting Defendant's Motion for Summary Judgment (Doc. # 95) is hereby VACATED. It is

FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE.

DATED:  June 30, 2021

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge